# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50338 | **DATE** | 9/28/2004 |
| **CASE TITLE** | Aircraft Gear Corporation vs. Clayton S. Marsh, and Ropes & Gray | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion for Summary Judgment,
Defendants' Motion for Summary Judgment on Counterclaims I and II

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the stated in the attached Memorandum Opinion and Order, Defendants' Motion for Summary Judgment [Doc. No. 14] and Defendants' Motion for Summary Judgment on Counterclaims I and II [Doc. No. 16] are DENIED WITHOUT PREJUDICE. The parties have until October 18, 2004 to file new dispositive motions with this Court. All other pending motions are moot and hereby stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | 9/30/04 | |
| | Notified counsel by telephone. | date docketed | 55 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 9/30/04 | |
| | | date mailed notice | |
| mvf(lc) | courtroom deputy's initials | | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AIRCRAFT GEAR CORPORATION, an Illinois corporation<br>Plaintiff,<br><br>v.<br><br>CLAYTON S. MARSH, and ROPES & GRAY, a partnership<br>Defendant. | No. 02 C 50338<br><br>HONORABLE DAVID H. COAR<br><br>Former Winnebago County<br>Case No. 02L242 |

## MEMORANDUM OPINION AND ORDER

### I. FACTS

This case arises out of alleged "professional negligence in the rendering of legal services" by Defendants Clayton S. Marsh ("Marsh") and Ropes & Gray, relating to their representation of Aircraft Gear Corporation ("AGC") in a contract dispute with Boeing Industries ("Boeing"). (Pls. Am. Compl. ¶1.) Plaintiffs AGC brought this suit in the Circuit Court of Winnebago County, Illinois, on July 5, 2002; Defendants removed to the United States District Court of the Northern District of Illinois, Western Division shortly thereafter. Plaintiffs filed their First Amended Complaint with the court on September 25, 2002, alleging attorney negligence or, in the alternative, breach of attorney/client contract. On October 25, 2002, Defendants filed a Counterclaim, in which they sought payment for legal services rendered AGC by Defendant Ropes & Gray (Counterclaim I) and Defendant Marsh (Counterclaim II).

Magistrate Judge P. Michael Mahoney set the case schedule on December 18, 2002. At this time, plaintiff's disclosure of expert testimony pursuant to Federal Rule of Civil Procedure

26(a)(2) was scheduled for April 30, 2003. The fact discovery closure date was set to March 31, 2003. Three discovery conferences took place between March 2003 and November 2003, resulting in extensions of discovery deadlines. On November 17, 2003, Judge Mahoney held a settlement conference, at which time he extended Plaintiff's expert disclosure deadline to January 30, 2004.

On December 18, 2003, Defendants filed a motion for summary judgment and a motion for summary judgment on counterclaims I and II. On that same day, Defendants filed Local Rule 56.1 Statements of Undisputed Facts in support of each of their motions for summary judgment. Judge Mahoney set a deadline of February 2, 2004 for Plaintiff's response, and February 23, 2004 for Defendants' reply on Defendants' motions for summary judgment.

On January 29, 2004, Plaintiffs moved for an extension of time in which to file its Rule 26 expert disclosures because Plaintiff's counsel had been involved in a complex professional negligence case and had not had time to retain experts. Defendants filed a formal opposition to this motion on February 2, 2004, alleging failure to show good cause for an extension. At this point, relations between the parties noticeably began to deteriorate, a deterioration which regrettably has continued over the intervening months and which has manifested itself in overheated language in both parties' briefs. While the motion for extension was pending, Plaintiffs filed their answer and supporting Local Rule 56.1 Statements of Undisputed Facts to Defendants' motions for summary judgment on February 2, 2004, as required by Judge Mahoney's scheduling order. On February 4, 2004, Judge Mahoney granted Plaintiff's motion for an extension of time, setting a new deadline for expert disclosure of March 1, 2004.

Defendants filed a reply to Plaintiff's response to Defendants' motions for summary judgment on February 23, 2004, in which Defendants asserted, *inter alia*, that Plaintiff's failure to provide admissible expert testimony was fatal to Plaintiff's claims. This argument sparked a flurry of collateral motions. On March 3, 2004, Plaintiff filed a motion for leave to file its Rule 26(A)(2) expert disclosures in opposition to Defendants' motions for summary judgment; Defendants filed an opposition motion on March 9, 2004. Judge Mahoney transferred Plaintiff's Motion for Lleave to File Expert Disclosures in Opposition to Defendants' Motion for Summary Judgment to District Court Judge Philip G. Reinhart, to be ruled on together with Defendants' motions for summary judgment.

On March 12, 2004, Plaintiff filed a motion to strike the new argument raised in Defendants' reply brief in support of Defendants' motion for summary judgment. On the same day, Plaintiff also filed a motion to supplement its response to Defendants' motion for summary judgment pursuant to Rule 56(f). Judge Reinhart scheduled a telephone conference on the pending motions for March 22, 2004, at which time it was discovered that the president of the plaintiff corporation was acquainted with the judge. The court recommended that the case be reassigned to the Western Division Back-Up Judge.

Pending resolution of the case reassignment recommendation, the plaintiff moved for an extension of time to April 9, 2004 to produce its expert witnesses. Judge Mahoney granted this motion on March 26, 2004. In early April, Defendants filed memoranda in opposition to plaintiff's motion to strike and to plaintiff's motion to supplement. The case was reassigned to this Court on May 13, 2004. In late June 2004, Defendants moved to strike Plaintiff's expert's rebuttal/supplemental report. Judge Mahoney denied this motion on August 11, 2004.

The case comes before the Court now on Defendants' Motion for Summary Judgment and Defendants' Motion for Summary Judgment on Counterclaims I and II. Both motions have been fully briefed. For the reasons set forth in the opinion below, both motions are denied without prejudice. All pending motions are hereby stricken. Parties have until October 18, 2004 to file new dispositive motions with the Court.

**II.  ANALYSIS**

A party seeking summary judgment has the burden of showing, through "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact that would prevent judgment as a matter of law. Fed. R. Civ. P. 56(c). On a motion for summary judgment, courts "must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party." Allen v. Cedar Real Estate Group, LLP, 236 F3d 374, 380 (7th Cir. 2001).

In a motion for summary judgment, the moving party generally may not raise new issues in its reply brief. See Carnes v. MCI Telecommunications Corp., No. 96 C 0627, 1997 WL 767013, at *3 (N.D. Ill., Dec. 4, 1997) ("[t]he moving party may not ... raise new issues in its reply brief"); Fasules v. D.D.B. Needham, Worldwide, Inc., No. 89 C 1078, 1989 WL 105264, at *2 (N.D. Ill., Sept. 7, 1989) (citing Autovox v. Lenco Italiana, 208 U.S.P.Q. (BNA) 412, 415 (N.D. Ill. 1980)) ("any new issues would have to be disallowed [in the reply brief] because plaintiffs have not had an opportunity to respond"). This prohibition supports the efficient allocation of judicial resources. The requirement that all arguments for summary judgment be raised in the moving party's initial brief allows the party's arguments and the record to be fully

developed for the court's consideration. Shurr v. A.R. Siegler, Inc., 70 F. Supp. 2d 900, 912 (E.D. Wis. 1999). When an issue is raised for the first time on reply, the adverse party typically has no opportunity to respond and the record on that issue therefore is developed insufficiently for consideration. Id. When summary judgment reply briefs raise new reasons for the entry of summary judgment and do not "merely respond[] to matters placed in issue by the opposition brief," they are improper and should not be considered. See Beck v. University of Wisconsin Bd. of Regents, 75 F.3d 1130, 1134 & n.* (7th Cir. 1996) (quoting Baugh v. City of Milwaukee, 823 F. Supp. 1452, 1457 (E.D. Wis. 1993), aff'd, 41 F.3d 1510 (7th Cir. 1994)).

In this case, Defendants moved for summary judgment on the grounds that Plaintiff's claims were barred by the applicable statute of limitations and that Defendants' actions were not the proximate cause of Plaintiff's damages. (Defs.'s Mot. for Summ. J.) Plaintiff responded that its claims were not barred by the statute of limitations, and that Defendants' actions were, in fact, the proximate cause of its damages. (Pl.'s Resp. to Defs.'s Mot. for Summ. J.) In their reply brief, Defendants asserted that Plaintiff's failure to provide "admissible [expert] evidence of a breach of the standard of care causing damages" in its response was fatal to its claims. (Defs.'s Reply Mem. of Law in Supp. of Summ. J. at 6) Neither party had addressed the element of breach of the applicable standard of care in their pleadings on summary judgment. This was a new argument and, as such, improper. Beck, 75 F. 3d at 1134 & n.*.

The ensuing flurry of motions, several of which included requests for relief in the alternative, served to complicate the record unnecessarily and inflamed tempers to the detriment of both parties and counsel. The best way out of this tangle of pleadings appears to be simply to cut the knot and begin again. Therefore, Defendants' Motion for Summary Judgment and

Defendants' Motion for Summary Judgment on Counterclaims I and II are hereby denied without prejudice. This Court will not countenance multiple motions for summary judgment. For the purpose of achieving judicial efficiency and to permit the Court to consider a fully-developed and briefed record, however, all parties have until October 18, 2004 to file new dispositive motions. The Court anticipates that, because discovery should have been completed by this time, all issues will be properly before the Court and a comprehensive disposition of all relevant issues will be possible.

### III. CONCLUSION

For the foregoing reasons, Defendants Motion for Summary Judgment and Defendants' Motion for Summary Judgment on Counterclaims I and II are denied without prejudice. All other pending motions are moot and hereby stricken. Parties have until October 18, 2004 to file new dispositive motions with the Court.

Enter:

_____
David H. Coar
United States District Judge

Dated: **September 28, 2004**